

PHILLIP W. KNIGHT,

    Plaintiff,

v.    Civil Action No. 1:10-cv-887

JOHN DOE #1, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Liz Grayson's Motion to Dismiss for Lack of Jurisdiction over the Person and Improper Venue. Plaintiff Phillip W. Knight filed an Amended Complaint against Defendant Liz Grayson and six John Does alleging defamation, intentional infliction of emotional distress, and conspiracy regarding operation of the website <www.phillipwknight.com> ("the website") and postings of allegedly false and defamatory statements about Plaintiff on the website. Plaintiff is a Canadian businessman residing in Colorado who conducts business in the United States and abroad. Defendant Liz Grayson is allegedly the owner, subscriber, or registrant of the website.

Plaintiff alleges that Defendants have posted false and defamatory statements on a website that discourages the public

and Plaintiff's clients from using his business services and that impugns the integrity of Plaintiff in regard to the conduct of his business. The website has both a blog and a forum, and Plaintiff alleges that Defendants have defamed him using both.

Defendant Grayson has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) alleging that the Court lacks personal jurisdiction over her. In support of her motion, she has filed an affidavit swearing that she has no ties or relations with the Commonwealth of Virginia, she owns no property in the Commonwealth of Virginia, and she has not visited the Commonwealth in the past five years.

Plaintiff argues that the Court has jurisdiction over Defendant Grayson under the Virginia long-arm statute, Va. Code Ann. § 8.01-328.1(A)(3)-(4) (2007), because Defendant's activities in Virginia caused a tortious injury to Plaintiff in the Commonwealth and Defendant's activities outside of Virginia caused a tortious injury to Plaintiff in the Commonwealth. Specifically, Plaintiff alleges that Defendant Grayson posted the defamatory website on the Internet, making it accessible to Virginia residents. Plaintiff attached to the Complaint a printout of two strings of posts from the website pertaining to negative experiences the anonymous posters had had doing business with Plaintiff.

In a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing jurisdiction. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). When considering the motion on the basis of the allegations in the complaint, motion papers, and supporting memoranda, the plaintiff's burden consists of making "a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs, 886 F.2d at 676. The court accepts as true all well-pleaded allegations and views the complaint in a light most favorable to the plaintiff. CTI/DC, Inc. v. Selective Ins. Co. of Am., 392 F.3d 114, 118 (4th Cir. 2004) (quoting Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court can exercise personal jurisdiction over a defendant in the manner outlined by state law. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997). Virginia's long-arm statute extends personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment.[1] English &

---

[1] Although the Virginia long-arm statute extends personal jurisdiction to the extent permitted by due process, some courts have noted that it is still possible for a non-resident defendant's contacts with Virginia to meet the requirements of due process yet evade the grasp of the long-arm statute. Bochan v. La Fontaine, 68 F. Supp. 2d 692, 698 (E.D. Va. 1999).

Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990). Thus, the statutory inquiry merges with the constitutional inquiry. Stover v. O'Connell Assocs., Inc., 84 F.3d 132, 135-36 (4th Cir. 1996). The issue then becomes whether Defendant Grayson has sufficient minimum contacts with Virginia such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). A court can exercise power over an out-of-state defendant either through a finding of general jurisdiction or specific jurisdiction based on conduct underlying the suit. Young v. New Haven Advocate, 315 F.3d 256, 261 (4th Cir. 2002).

The Court may exercise general jurisdiction over a foreign defendant based on activities unrelated to the cause of action if the defendant has continuous and systematic contacts with the forum. Helicopteros Nacionales de Colombia, S.A., v. Hall, 466

---

Although the Court finds that the constitutional due process requirements for personal jurisdiction are not satisfied, Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277-278 n.4 (4th Cir. 2009), it is worth noting that Virginia's long-arm statute would also deny the Court personal jurisdiction. Defendant Grayson has not committed a tortious injury by an act in the Commonwealth, as she has not even been in the Commonwealth in the past five years. See Va. Code Ann. § 8.01-328.1(A)(3); Davis v. Costa-Gavras, 580 F. Supp. 1082, 1087 (S.D.N.Y. 1984). Furthermore, she does not regularly do business, derive substantial revenue, or engage in any other persistent course of conduct in Virginia. § 8.01-328.1(A)(4).

U.S. 408, 414 (1984); <u>ALS Scan, Inc. v. Digital Serv. Consultants, Inc.</u>, 293 F.3d 707, 711 (4th Cir. 2002). The level of minimum contacts necessary to establish general jurisdiction is significantly higher than that for specific jurisdiction. <u>ESAB Group, Inc., v. Centricut, Inc.</u>, 126 F.3d 617, 623-24 (4th Cir. 1997); see, e.g., <u>Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan</u>, 259 F.3d 209, 215-16 (4th Cir. 2001) (finding that a non-resident organization that instructed a forum resident to establish a website and used website to solicit and provide services in forum did not have "continuous and systematic" contacts necessary for general jurisdiction). Plaintiff alleges that Defendant Grayson had contacts "on a regular and systematic basis" with Virginia through her website and because her "agents and representatives repeatedly placed calls to companies in Virginia that Plaintiff was doing business with."[2] Defendant is a resident of the State

---

[2] As the party asserting the existence of an agency relationship, Plaintiff has the burden of proving such a relationship. See <u>State Farm Mut. Auto. Ins. Co. v. Weisman</u>, 441 S.E.2d 16, 19 (Va. 1994) ("[T]he law presumes that a person is acting for himself and not as another's agent."). Plaintiff has alleged no facts in support of his allegation that the callers were agents and representatives of Defendant Grayson. See <u>Reistroffer v. Person</u>, 439 S.E.2d 376, 378 (Va. 1994) (defining agency as "a fiduciary relationship resulting from one person's manifestation of consent to another person that the other shall act on his behalf and subject to his control, and the other person's manifestation of consent so to act"). The Court has recognized that personal jurisdiction can be imputed against a foreign co-conspirator when one co-conspirator has sufficient contacts with

of New Jersey, she has no ties or relations with the Commonwealth of Virginia, and she has not visited Virginia in the past five years. Standing alone, the website and alleged phone calls to Virginia do not rise to the level of continuous and systematic contacts with Virginia necessary to establish general jurisdiction. Furthermore, the website and phone calls form the basis of the suit and serve as a potential foundation for specific, rather than general, jurisdiction.

The Court may find specific jurisdiction based on the conduct underlying the suit. To determine whether specific jurisdiction exists, the Court considers "(1) whether the defendant purposefully availed [herself] of the privileges of conducting activities in the forum state, (2) whether the plaintiff's claim arises out of the defendant's forum-related activities, and (3) whether the exercise of personal jurisdiction over the defendant would be constitutionally reasonable." Young v. New Haven Advocate, 315 F.3d 256, 261 (4th Cir. 2002) (quotation marks omitted). Plaintiff asserts that specific jurisdiction exists because of the website and

---

the forum such that due process would not be violated. See, e.g., Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601, 622 (E.D. Va. 2002). Plaintiff has not alleged facts that demonstrate any jurisdictional ties between the other Defendants and Virginia. Moreover, a plaintiff must allege facts that establish a prima facie showing of conspiracy, and more than conclusory allegations that a conspiracy existed, for personal jurisdiction based on a conspiracy theory to exist. E.g., Shrader v. Biddinger, 633 F.3d 1235, 1242 (10th Cir. 2011).

alleged phone calls made to Plaintiff's Virginia business associates to refer them to the website.[3]

"Specific jurisdiction in the Internet context may be based only on an out-of-state person's Internet activity directed at [Virginia] and causing injury that gives rise to a potential claim cognizable in [Virginia]." ALS Scan, 293 F.3d at 713. In the internet context, the Fourth Circuit has held that personal jurisdiction exists over an out-of-state defendant when that individual "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." Id. at 714. The mere act of placing information on the internet is insufficient to subject a person to personal jurisdiction in every State in which the information is accessed, or anyone who posted information on the Internet would be subject to personal jurisdiction in every State. Id.

---

[3] Plaintiff claims in his opposition brief that "[p]ersons assisting Defendant in her attempts to generate adverse publicity about Plaintiff placed telephone calls to officials of companies in . . . Virginia." As discussed above, Plaintiff must allege more than conclusory allegations of a conspiracy for personal jurisdiction to lie based on a conspiracy theory. Additionally, courts have found that minimal email exchanges or telephone calls into a jurisdiction, in concert with allegedly defamatory postings on a website, are insufficient to confer personal jurisdiction. E.g., Burleson v. Toback, 391 F. Supp. 2d 401, 422 (M.D.N.C. 2005).

When the internet activity at issue consists of posts on a website, the ALS Scan test works more smoothly when the Court evaluates parts one and two together. Young, 315 F.3d at 263. The Court first examines whether Defendant Grayson manifested an intent to direct the website content to a Virginia audience. Defendant Grayson's affidavit reveals that the servers hosting the website are located in Texas, and she has not posted any information to servers located in Virginia. Accessibility of the website in Virginia does not demonstrate intentional direction at a Virginia audience standing alone. Id. Defendant Grayson must have manifested an intent to target Virginia readers. The pages of the website attached by Plaintiff show that the subject of the website is Plaintiff Phillip W. Knight. The web address consists of his name, the top of the page is labeled "Phillip W. Knight - Toronto Canada", and there is an "About Knight" tab. The record supports the conclusion that the website was intentionally directed at Phillip W. Knight. Nevertheless, targeting the website at Phillip W. Knight is not synonymous with targeting the website at a Virginia audience.

Plaintiff argues that "[m]ost of Plaintiff's business over the past two years has been with companies in Loudoun County, Virginia, so the focus of Defendant's website was necessarily an audience in Virginia. The comments on Defendant's website would

have no meaning to persons in most other states."[4] The Fourth Circuit has considered and rejected such an argument in ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625-26 (4th Cir. 1997) ("Although the place that the plaintiff feels the alleged injury is plainly relevant . . . it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld.").[5] Plaintiff's argument that the website was targeted at Virginia because most of Plaintiff's business contacts are in Virginia is unpersuasive because the website lacks any evidence of an intent to target the Commonwealth of Virginia or a Virginia audience. See Griffis v. Luban, 646 N.W.2d 527, 536 (Minn. 2002) ("The mere fact that Luban knew that Griffis resided and worked in Alabama is not sufficient to extend personal jurisdiction over Luban in Alabama, because that knowledge does not demonstrate targeting of Alabama as the focal point of the allegedly defamatory statements."). The heading on the webpage references "Zurich Canada" and "Toronto Canada". A few of the anonymous posts

---

[4] Plaintiff further contends that the website had negative effects on Plaintiff's business and professional reputation in Virginia after officials at Virginia companies accessed the website.

[5] Plaintiff's status as a non-resident of the forum also weighs against exercising personal jurisdiction over Defendant Grayson. Cf. Calder v. Jones, 465 U.S. 783, 788-89 (1984) (acknowledging that Plaintiff was a California resident whose career was centered in California, so she would suffer the brunt of the reputational harm and emotional distress in California).

9

allude to a connection between Plaintiff and the cities of Zurich, Toronto, and Detroit, but no post mentions Virginia or Plaintiff's business ties to Virginia. One post explicitly asks "Does anyone know the whereabouts of Phillip Knight?" Another provides phone numbers for Plaintiff, but none of the numbers have Virginia area codes. Nothing on the website reveals an intent by Defendant Grayson to target Virginia readers by owning or operating the website, and she could not have reasonably anticipated being haled into court in Virginia to address the truth of statements made on the website. See Young, 315 F.3d at 258 ("[W]e hold that a court in Virginia cannot constitutionally exercise jurisdiction over the . . . defendants because they did not manifest an intent to aim their websites or the posted articles at a Virginia audience.").

Because Plaintiff has not established that Defendant Grayson directed her electronic activity at Virginia with the manifest intent of engaging in interactions with the State, it is unnecessary to consider whether the challenged conduct created a cause of action in Virginia. The Court does not have personal jurisdiction over Defendant Grayson.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
June 21, 2011